FILED
United States Court of Appeals
Tenth Circuit

July 27, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS ALFONSO LEGARDA,

Defendant-Appellant.

No. 08-8038

(D. Wyoming)

(No. 2:05-CR-00104-WFD-1)

---

ORDER AND JUDGMENT[1]

---

Before **HENRY**, Chief Judge, **PORFILIO** and **BRORBY**, Circuit Judges.

---

Jesus Alfonso Legarda pleaded guilty to one count of conspiracy to

possess with intent to distribute, and to distribute, methamphetamine in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.  The district

court imposed a sentence within the advisory guidelines range of 210

months' imprisonment.

Mr. Legarda now appeals.  His counsel, in turn, filed a motion to

withdraw pursuant to *Anders v. California,* 386 U.S. 738 (1967), based on

---

[1] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

his belief that the grounds for appeal are frivolous. Finding no non-frivolous issues in this appeal, we agree and therefore grant Mr. Legarda's counsel's request to withdraw and dismiss the appeal.

## I. BACKGROUND

On May 19, 2005, a federal grand jury returned a five-count indictment charging Mr. Legarda with offenses concerning the distribution of methamphetamine and possession of a firearm. Mr. Legarda entered into a plea agreement and pleaded guilty to Count 1 of the indictment, which alleged "Conspiracy to Possess with Intent to Distribute, and to Distribute, Methamphetamine" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. In turn, the government agreed to (1) recommend a three-level reduction in Mr. Legarda's offense level for his acceptance of responsibility under U.S.S.G. § 3E1.1(a); (2) refrain from opposing Mr. Legarda's request for a designation to a Bureau of Prisons facility located closest to his family;[2] and (3) recommend a sentence at the low end of the applicable guidelines range.

Based upon the parties' stipulation that Mr. Legarda's relevant conduct involved at least 1.5 kilograms but less than 5 kilograms of

---

[2] Why the government would ever oppose such a request is unclear.

methamphetamine, the district court calculated Mr. Legarda's total offense level to be 36 with a criminal history category of I. As such, the district court imposed a sentence of 210-months' imprisonment–in the middle of the advisory guidelines range of 188 to 230 months of imprisonment. The court also imposed five years' supervised release, a $1,000.00 fine, and a mandatory special assessment fee of $100.00.

## II. DISCUSSION

In *Anders*, the Supreme Court held that if a defendant's counsel "finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." *Id.* The defendant may then "raise any points that he chooses." *Id.*

We, as the reviewing court, must examine all the proceedings to determine whether the appeal is frivolous. *Id.* If we agree the appeal is frivolous, we "may grant counsel's request to withdraw and dismiss the appeal." *Id.* "On the other hand, if [we] find[] any of the legal points arguable on their merits (and therefore not frivolous) [we] must, prior to

decision, afford the [defendant] the assistance of counsel to argue the appeal." *Id.*

Mr. Legarda's counsel reports that his client seeks to challenge the district court's sentence, despite advice that there were not any non-frivolous issues to be raised. Counsel further notes that Mr. Legarda voluntarily waived his right to appeal in his guilty plea. Aplt's Br. at 2. Mr. Legarda's counsel served his *Anders* brief upon Mr. Legarda, and we afforded him an opportunity to submit arguments in response, which he opted not to file. The government has declined to file an answer brief.

This appeal could conceivably have merit only if Mr. Legarda's guilty plea was involuntary or otherwise invalid. After fully examining the record, we agree with counsel that there is no basis in law or fact for either of these arguments.

In particular, the plea transcript indicates that Mr. Legarda entered his plea knowingly, intelligently, and voluntarily pursuant to the requirements of Rule 11 of the Federal Rules of Criminal Procedure. During the plea colloquy prior to the entry of his guilty plea, the court specifically established that Mr. Legarda was competent, that he was satisfied with his counsel, that he was pleading without coercion, that he was aware of the charges against him and the range of punishment, and that he knew what

-4-

trial rights he waived by pleading guilty.

## III. CONCLUSION

Having concluded that there is no non-frivolous ground in the record on which to appeal Mr. Legarda's conviction and sentence, we GRANT Mr. Legarda's counsel's request to withdraw and DISMISS the appeal.

Entered for the Court,


Robert H. Henry
Chief Judge