**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS ALFONSO LEGARDA,

    Defendant - Appellant.

No. 11-8073
(D.C. Nos. 1:09-CV-00233-NDF and
2:05-CR-00104-WFD-1)
(D. Wyo.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Defendant-Appellant Jesus Alfonso Legarda, a federal inmate appearing pro se, seeks to appeal from the district court's denial of his motion to vacate, set aside, or correct sentence. 28 U.S.C. § 2255; 1 R. 208-220. To proceed on appeal, Mr. Legarda must obtain a certificate of appealability ("COA"), requiring that he make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This includes a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because we find such a showing lacking, we deny a COA and dismiss the appeal.

In March 2006, Mr. Legarda pled guilty to participation in a conspiracy to

distribute methamphetamine; in March 2008 he was sentenced to prison for 210 months.  His counsel filed an <u>Anders</u> brief on appeal; we dismissed the appeal for want of a non-frivolous ground and allowed counsel to withdraw.  <u>United States v. Legarda</u>, 339 F. App'x 870, 871 (10th Cir. July 27, 2009).  In so doing, we indicated that the only possible basis for an appeal was that the plea was invalid or involuntary.  But we rejected such a claim, stating:

> In particular, the plea transcript indicates that Mr. Legarda entered his plea knowingly, intelligently, and voluntarily pursuant to the requirements of Rule 11 of the Federal Rules of Criminal Procedure.  During the plea colloquy prior to the entry of his guilty plea, the court specifically established that Mr. Legarda was competent, that he was satisfied with his counsel, that he was pleading without coercion, that he was aware of the charges against him and the range of punishment, and that he knew what trial rights he waived by pleading guilty.

<u>Id.</u>  This constitutes a formidable barrier to Mr. Legarda's present efforts.

Mr. Legarda first contends that his lawyer failed to object to the sentence length (which was not, as he had hoped, at the low end of the range); and second, that his lawyer permitted him to plead guilty without seeking a competency evaluation to ensure that he was fit to enter a plea and to test whether he was entitled to a downward departure based on diminished capacity.  To succeed on an ineffective assistance claim, Mr. Legarda must demonstrate deficient performance and prejudice.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687–88, 694 (1984).

First, Mr. Legarda argues that the sentencing court stated on the record that the guideline range was 188 to 235 months, and that in the plea agreement the

government agreed to recommend a sentence at the low end of the range; yet he was sentenced, without explanation, to 210 months, and his lawyer inexplicably failed to object. Aplt. Br. 14-19. We note that counsel did alert the district court that the government had agreed to recommend the low end of the guideline range, but the district court, applying the advisory guidelines, chose not to follow that course. Sent. Tr. 149, 156. Regardless, this claim was not raised below and is waived.

Second, as for counsel's failure to move for a competency exam, this claim is not reasonably debatable. We have reviewed the sentencing transcript and the district court's disposition. 1 R. 218-219. Before his plea Mr. Legarda received two separate evaluations—by Dr. Kahn, his expert, and by Dr. Morrow, the government's expert. Both rejected the contention that Mr. Legarda's epilepsy diminished his ability to understand the wrongfulness of his acts or to voluntarily plead guilty. Sent. Tr. 35-42. So did the court. Id. at 150. We have previously concluded that the record supports a plea that was knowing and voluntary. We see no serious argument that counsel failed in his duties under the Sixth Amendment when he chose not to seek a competency evaluation.

We DENY a COA, DENY in forma pauperis ('IFP") status, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge